IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIAM MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-031 |
| | ) | |
| KATHY PALMER, Judge, | ) | |
| MATTHEW MITCHELL; and | ) | |
| MELODY MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Toombs County Detention Center in Lyons, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), the motion to amend be **DENIED AS MOOT** (doc. no. 6), and this action be **DISMISSED** without prejudice.

**I.    BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Mitchell v. Williams, CV 617-057 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history)[1]; (2) Mitchell v. Emanuel Probation, CV 617-056 (S.D. Ga. July 27, 2017) (dismissed for abuse of judicial process by failing to disclose prior litigation history); and (3) Mitchell v. Burse, 1:16-cv-00199-LAG-TQL (M.D. Ga. Mar. 20, 2017) (dismissed for failure to state a claim); see also Mitchell v. Emanuel Probation, CV 618-043 (S.D. Ga. Aug. 20, 2018) (collecting strikes and dismissing case for accumulation of three strikes and abuse of

---

[1] Dismissal for abuse of the judicial process counts as a strike. See Rivera, 144 F.3d at 731; see also White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) (explaining purpose of PLRA is to curtail abusive prisoner litigation).

judicial process by failing to disclose prior filing history).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his complaint on March 16, 2020.  (Doc. no. 1, p. 11.)  The complaint raises allegations of fraud associated with his probation revocation.  Nothing in the complaint demonstrates Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.  Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA

The form complaint Plaintiff used to commence this case, "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose:  (1) whether they have had a case dismissed based on the three strike rule, (2) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (3) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (4) the disposition of any such lawsuits.  (Doc.

3

no. 1, pp. 8-10.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id. at 9-10.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 10.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to

disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under penalty of perjury, Plaintiff stated he had not had a case dismissed under the three strikes rule, which as discussed above is untrue. (Doc. no. 1, p. 8.) Moreover, under the questions concerning filing prior lawsuits, Plaintiff stated only he had filed another case at the time he filed the instant case;[2] he did not disclose the prior lawsuits listed above. (Id. at 9-10.) Plaintiff's answers about filing other federal lawsuits and dismissal based on the three strikes rule were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

**D.   Motion to Amend**

Because the case is due to be dismissed, the motion to amend seeking to add two new Defendants should be denied as moot. (Doc. no. 6.)

---

[2] See Mitchell v. Emanuel Probation Det. Ctr., CV 630-028 (S.D. Ga. Mar. 2, 2020).

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the complaint should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), the motion to amend be **DENIED AS MOOT** (doc. no. 6), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 13th day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA